UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLASSIC TOUCH DÉCOR, INC.

Plaintiff,

v.

MICHAEL ARAM, INC.,

Defendant.

Civil Action No. 15-cv-00453

COMPLAINT FOR
DECLARATORY JUDGMENT

ECF CASE

Plaintiff, Classic Touch Décor, Inc. ("Plaintiff" or "Classic Touch") by and through its undersigned attorneys, for its Complaint against Defendant, Michael Aram Inc. (hereinafter "Michael Aram" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1.     This is an action for declaratory judgment which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* and the Lanham Act 15 U.S.C. § 1051, *et seq.* By this action, Classic Touch seeks a declaration that it has not infringed upon the claimed copyright rights or trade dress rights of Michael Aram, as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.,* the Lanham Act 15 U.S.C. § 1051, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3.     This Court has diversity jurisdiction over this dispute under 28 U.S.C. §1332 since this dispute exceeds $75,000 and is between citizens of different states.

1

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Copyright Act and the Lanham Act, Defendant conducts business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5.     Classic Touch is a corporation organized and existing under the laws of the State of New York, with a place of business located at 48 Spencer St. Brooklyn, New York 11205.

6.     Classic Touch conducts its business in the home, gift and table décor industry.

7.     Classic touch sells, advertises, markets and promotes décor items which are sold to the public.

8.     Upon information and belief, Michael Aram is a corporation organized and existing under the laws of the State of New Jersey with a place of business at 2102 83rd St. North Bergen, NJ 07047.

9.     Upon information and belief, Michael Aram is in the business of selling and advertising, tableware, furniture and décor items to customers in New York.

10.     Upon information and belief, Michael Aram operates a distribution headquarters in the State of New Jersey at 2102 83rd St. North Bergen, NJ 07047.

11.     Upon information and belief, Michael Aram also operates a flagship store in the State of New York at 136 West 18th Street, New York, NY 10011.

12.     Since Classic Touch and Michael Aram regularly transact business in the State of New York and within this judicial district, jurisdiction in the Eastern District of New York is appropriate for adjudication of the claim(s) brought herein.

2

**FACTUAL BACKGROUND**

13.     Michael Aram is the purported owner of copyright rights and trade dress rights in designs and 3-D artwork and home décor products covering a number of different designs which are advertised, marketed and sold to the public (collectively "Michael Aram Designs").

14.     In connection with a number of the Michael Aram Designs that are depicted online and in catalogs and other publications and in retail establishments, Michael Aram received copyright registrations from the United States Copyright Office.  In particular, Michael Aram received registrations from the Copyright Office under, *inter alia*, Registration Nos. VA 1-877-171; VA 1-707-566; VA 1-400-864; VA 1-796-891; VA 1-794-673; VA 1-915-885; VA 1-707-348; and VA 1-400-864 (collectively "Michael Aram Copyrights").

15.     Upon information and belief, Registration No. VA 1-877-171 is titled "Spring 2014 Line List."

16.     Upon information and belief, Registration No. VA 1-877-171 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

17.     Upon information and belief, the effective date of Registration No. VA 1-877-171 is April 16, 2013.

18.     Upon information and belief, Registration No. VA 1-707-566 is titled "Michael Aram Catalogue Collection."

19.     Upon information and belief, Registration No. VA 1-707-566 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

20.     Upon information and belief, the effective date of Registration No. VA 1-707-566 is January 15, 2009.

3

21.     Upon information and belief, Registration No. VA 1-400-864 is titled "Additions to Michael Aram earth collection 2006/2007."

22.     Upon information and belief, Registration No. VA 1-400-864 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

23.     Upon information and belief, the effective date of Registration No. VA 1-400-864 is January 1, 2007.

24.     Upon information and belief, Registration No. VA 1-796-891 is titled "Michael Aram Fall 20111" [sic].

25.     Upon information and belief, Registration No. VA 1-796-891 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

26.     Upon information and belief, the effective date of Registration No. VA 1-796-891 is May 1, 2011.

27.     Upon information and belief, Registration No. VA 1-794-673 is titled "Michael Aram Fall 2010."

28.     Upon information and belief, Registration No. VA 1-794-673 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

29.     Upon information and belief, the effective date of Registration No. VA 1-794-673 is May 1, 2010.

30.     Upon information and belief, Registration No. VA 1-915-885 is titled "Bloomingdale's Holiday 2014 Exclusives."

31.     Upon information and belief, Registration No. VA 1-915-885 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

32.     Upon information and belief, the effective date of Registration No. VA 1-915-885 is April 21, 2014.

33.     Upon information and belief, Registration No. VA 1-707-348 is titled "Michael Aram Fall 2009 Catalogue Collection"

34.     Upon information and belief, Registration No. VA 1-707-348 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

35.     Upon information and belief, the effective date of Registration No. VA 1-707-348 is January 6, 2010.

36.     Upon information and belief, Registration No. VA 1-400-864 is titled "Additions to Michael Aram earth collection 2006/2007 (2007 catalogue)."

37.     Upon information and belief, Registration No. VA 1-400-864 pertains to a catalog, advertisement or other publication in which there is depicted more than a single design.

38.     Upon information and belief, the effective date of Registration No. VA 1-400-864 is March 22, 2007.

39.     In addition to its purported copyright rights, Michael Aram claims to be the purported owner of a family of trade dress comprising products in Michael Aram's orchid collections that purportedly has become associated with Michael Aram ("Michael Aram Trade Dress") and protectable under the Lanham Act.

40.     The foregoing rights relating to Michael Aram Copyrights and the Michael Aram Trade Dress were asserted in a letter sent to Classic Touch, dated November 14, 2014, from Michael Aram's counsel, Kenneth G. Parker of the firm Haynes and Boone, LLP ("Cease and Desist Letter").

5

41.     In the Cease and Desist Letter, Michael Aram demanded that "Classic Touch immediately cease and desist all advertising, sale, offering for sale, and marketing activity with respect to any and all merchandise" that infringe upon the copyright and trade dress rights of Michael Aram. A copy of the Cease and Desist Letter is attached hereto as Exhibit A.

42.     The Cease and Desist Letter further demands that Classic Touch agree not to infringe upon Michael Aram's copyrights and trade dress at any point in the future.

43.     The Cease and Desist Letter also demands that Classic Touch provide an accounting of all profits generated by Classic Touch, and all information and documentation relating to the infringing merchandise.

44.     Classic Touch received a subsequent letter from Michael Aram's counsel dated, December 8, 2014. With that letter counsel for Michael Aram provided archival copies of "some of the Michael Aram copyrights at issue," namely, Registration No. VA 1-707-348 (1/6/10); Registration No. VA 1-794-673 (11/18/11); and Registration No. VA 1-796-891 (11/3/11). The December 8, 2014 letter is attached hereto as Exhibit B.

45.     None of Classic Touch's products which are advertised, marketed, offered for sale and sold are substantially similar to any of the Michael Aram Designs and, therefore, Classic Touch does not infringe the Michael Aram Copyrights.

46.     In addition, none of Classic Touch's products which are advertised, marketed, offered for sale and sold are confusingly similar to the purported Michael Aram Trade Dress, and therefore, Classic Touch does not infringe the Michael Aram Trade Dress.

47.     Moreover, Michael Aram has not demonstrated that that the Michael Aram Trade Dress has acquired distinctiveness necessary to establish trade dress rights.

6

48.     Upon information and belief, Michael Aram continues to object to the sale, offer for sale, advertising, marketing and/or promotional activities of Classic Touch.

49.     Upon information and belief, Michael Aram objects to the current and past advertising activities of Classic Touch which include the use, advertising, distribution and publication of the Classic Touch catalog entitled "Catalog 2014-2015" which is attached hereto as Exhibit C.

50.     Upon information and belief, Michael Aram objects to all advertisements, marketing and promotional materials, which contain and/or relate to accused products that allegedly incorporate the Michael Aram Designs, Michael Aram Copyrights and/or Michael Aram Trade Dress.

51.     By virtue of the foregoing, Plaintiff is compelled to seek a declaration from this Court that it does not infringe Michael Aram's copyright rights and/or trade dress rights and/or that Michael Aram's asserted rights are invalid and/or unenforceable.

## COUNT I
### DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT

52.     Plaintiff repeats and realleges each of the preceding allegations contained in as if set forth in full herein.

53.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether Plaintiff has infringed and is infringing Defendant's copyright rights.

54.     Plaintiff has advertised, marketed, offered for sale and sold the products alleged by Defendant to have infringed its copyright rights.

55.     Defendant believes and maintains that Plaintiff's "Catalog 2014-2015," depicting Plaintiff's products, infringes one or more of Defendant's copyrights.

56.     Plaintiff believes and alleges that its products, advertisements and marketing and promotional materials do not infringe upon any valid copyright rights of Defendant.

57.     Plaintiff alleges that Defendant's purported copyright rights are invalid and/or unenforceable.

58.     Plaintiff alleges that Defendant's purported copyright rights are exceedingly narrow in scope such that Plaintiff's sales, advertisements and marketing activities do not constitute an infringement of Defendant's purported copyright rights.

59.     By virtue of the foregoing, Plaintiff desire a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Defendant.

60.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## COUNT II
## DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON- INFRINGEMENT UNDER THE LANHAM ACT

61.     Plaintiff repeats and realleges each of the preceding allegations contained in as if set forth in full herein.

62.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether Plaintiff has infringed and are infringing Defendant's trade dress rights.

63.     Plaintiff has advertised, marketed, offered for sale and sold the products alleged by Defendant to have infringed its trade dress rights, particularly in its "Catalog 2014-2015."

64.    Plaintiff believes and alleges that its products, advertisements and marketing and promotional materials do not infringe upon any valid trade dress rights of Defendant.

65.    Plaintiff alleges that Defendant's purported trade dress rights are invalid and/or unenforceable.

66.    Plaintiff alleges that Defendant's purported copyright rights are exceedingly narrow in scope such that Plaintiff's sales, advertisements and marketing activities do not constitute an infringement of Defendant's purported trade dress rights.

67.    By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the trade dress rights asserted by Defendant.

68.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A.  For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the advertisements and product(s) sold by Plaintiffs;

B.  For judgment declaring that Defendant's trade dress rights are invalid, void, unenforceable and/or not infringed by the product(s) sold by Plaintiffs;

C.  Awarding Plaintiffs costs, expenses and reasonable attorneys' fees as permitted by law; and

D.  Awarding Plaintiffs such other and further relief as the as the Court may deem just and proper.

9

## JURY DEMAND

Plaintiff demands a trial by jury.

**STERN & SCHURIN LLP**
Attorneys for Plaintiffs
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

By: _____

Steven Stern (SS 5203)
sstern@sternschurin.com
Richard S. Schurin (RS 0199)
rschurin@sternschurin.com

Dated: January 29, 2014
Mineola, New York

10