```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLASSIC TOUCH DÉCOR, INC.,

                        Plaintiff,           MEMORANDUM
                                              AND ORDER

            -against-                         15-CV-453 (NGG)

MICHAEL ARAM, INC.,

                        Defendant.
------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In this action, plaintiff Classic Touch Décor, Inc. ("plaintiff"), a entity that sells, advertises, markets and promotes home décor items, seeks a declaratory judgment that certain of its product lines have not infringed the intellectual property rights of defendant Michael Aram, Inc. ("defendant"). See generally Complaint (Jan. 29, 2015), Electronic Case Filing Docket Entry ("DE") #1. In response, defendant has brought counterclaims against plaintiff for, *inter alia*, copyright and trade dress infringement of its home décor items. See Answer and Counterclaims (Jan. 31, 2015), DE #6.

Currently pending before this Court are plaintiff's Letter Motion for Discovery (Aug. 28, 2015) ("Pl. Let."), DE #50, and defendant's response thereto, see Response to Motion (Sept. 1, 2015) ("Def. Response"), DE #51. Plaintiff's motion presents a series of discovery disputes between the parties. The undersigned magistrate judge previously addressed two aspects of plaintiff's motion, see Order (Sept. 4, 2015), DE #52, and the Court now turns to the remaining disputes.

**DISCUSSION**

**I.    Documents Pertaining to the Publication and First Sale of Products Not At Issue In This Litigation**

To register many of its designs with the U.S. Copyright Office, defendant submitted entire catalogs as a means of copyrighting the individual items contained therein. See Def. Opp. at 1. Plaintiff seeks documents relating to the publication and first sale of defendant's products that are *not* at issue in this litigation but that are contained in the same registered catalogs as the allegedly infringed products. See Pl. Let. at 1.[1] Plaintiff contends that the timing of the first publication or sale of those non-disputed products is relevant because if all the products in the registered catalog were not "first published together and/or in a single unit," then the asserted registrations would be "invalid." See id. at 2. Neither party disputes that plaintiff has raised the validity of defendant's copyrights as an affirmative defense to its counterclaims. See id.; see generally Def. Opp.; see also Plaintiff's Answer to Counterclaims at 5, DE #16.

In response, defendant notes that the Second Circuit has never adopted a rule that all of the claimed works in a collective copyright registration "must all have been *first published together* as a single unit of publication in order for a single work copyright registration to issue." Def. Opp. at 2 (emphasis in original). Defendant then goes on to argue that the Second Circuit "*instead* has held that the registration of a compilation, such as a catalog,

---

[1] Although plaintiff originally sought to compel discovery responsive to Document Requests Nos. 8-15 and 38-40, as well as Interrogatories Nos. 5 and 6, see Pl. Let. at 1-2, the only discovery requests apparently remaining in dispute with respect to this category are Document Requests Nos. 9, 11, 13 and 15. See Def. Opp. at 1.

allows a plaintiff to sue for infringement of individual creative works featured therein, so long as the plaintiff is the owner or exclusive licensees of those items and they are otherwise copyrightable." See id. (emphasis added) (collecting cases).

As an initial matter, defendant conflates the issue of whether it has a valid copyright registration with whether that registration would allow it to sue for infringement of an individual work contained in a collection of multiple works. Furthermore, while it is true that the Second Circuit has apparently not weighed in on the issue of whether multiple works contained in a single registration must have been published concurrently, courts within and out of this Circuit have concluded that they must. See L.A. Printex Indus., Inc. v. Le Chateau, Inc., No. 11 Civ. 4248 (LTS), 2012 WL 987590, at *3 (S.D.N.Y. Mar. 23, 2012) ("Registration as a 'published' collection requires that all of the constituent elements of the collection have been published together *as a collection*.") (emphasis in original) (citing United Fabrics, Int'l, Inc. v. C & J Wear, Inc., 630 F.3d 1255, 1259 (9th Cir. 2011); Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 205 (3d Cir. 2005)); McLaren v. Chico's FAS, Inc., No. 10 Civ. 2481 (JSR), 2010 WL 4615772, at *3 (S.D.N.Y. Nov. 9, 2010) (holding that only individual works first published together in a single work can qualify for 'single work' registration). Defendant has presented no case law to the contrary.

This Court need not now determine whether the aforesaid cases were correctly decided. Suffice it to say, plaintiff has made a sufficient showing of relevance to warrant discovery on this issue, which, if the case does not settle, may be presented to the District Court for resolution. Therefore, documents relating to the publication and first sale of products not at issue in this litigation, but that are included in the same copyright registrations as the disputed products, must be produced prior to the parties' mediation session.

## II. Documents Pertaining to Persons "Involved in the Creation" of the Subject Designs

In Request No. 24, plaintiffs seek "[a]ll documents relating to individuals employed by Michael Aram who were involved in the creation of each of the Subject Designs." See Defendant's Responses to [Plaintiff's] First Set of Requests for Production (June 24, 2015) ("Def. Document Resp.") at 18, DE #50-2. As defendant argues, Request No. 24 is overly broad and would embrace documents wholly unrelated to issues in this litigation, including the individuals' payroll records and documents unrelated to design or creation. See Def. Opp. at 2.

In addition, plaintiff's Request No. 51 for the production of "[a]ll documents relating or referring to Mudita Mull" is similarly overly broad. See Def. Document Resp. at 33. Mull, a former employee of defendant, worked in the design department as "Head of Design" during the relevant time period, but the parties dispute the extent of Mull's role (if any) in creating the allegedly infringed products. Compare Pl. Let. at 2 with Def. Opp. at 2. The issue of whether Mull authored or created defendant's products and, if so, whether those creations were works-made-for-hire, is relevant to the validity of defendant's copyright. See 17 U.S.C. § 101 (defining "work made for hire" as "a work prepared by an employee within the scope of his or her employment" or, in certain cases, "a work specially ordered or commissioned . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."); Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52 (1989) (setting forth the factors for determining whether a person created a work as "an employee within the scope of his or her employment"); Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc., 380 F.3d

624, 636 (2d Cir. 2004) ("[A] person's status as an employee renders a work created within the scope of employment as a work for hire, as to which the copyright belongs to the employer (*in the absence of a contract providing otherwise*).") (emphasis added). Although the Court concludes that Mull's role in the products' creation is relevant, Request No. 51, as drafted, paints with too broad a brush.

For the reasons above, the Court denies plaintiff's motion to compel as to Requests No. 24 and 51, but will allow plaintiff, at its option, an opportunity to serve more narrowly tailored revised requests by September 11, 2015. Defendant's response to these revised requests is due by September 30, 2015.

### III. Documents Pertaining to Defendant's Other Lawsuits

Plaintiff also seeks to compel the production of documents responsive to Requests Nos. 90-93, which relate to other litigations and disputes concerning the designs, copyright registrations and trade dress at issue in this action. See Def. Document Resp. at 53-55. Each of the requests is equally broad in scope. See, e.g., id. at 53 ("*All* documents *relating or referring to any other* litigation or dispute involving any one or more of the Subject Designs.") (emphasis added).

Plaintiff claims in a conclusory fashion that the requests are "directly relevant as they may constitute admissions, and any settlements or agreements may have a direct bearing on [defendant's] rights and the alleged damages." See Pl. Let. at 2. In opposition, defendant notes that the requests implicate the attorney-client and work product privileges. See Def. Opp. at 3.[2]

---

[2] Defendant also complains that after plaintiff served its Request for Production of Documents, plaintiff broadened these requests to include "any and all" trade dress and copyright disputes as

The Court concludes that Requests Nos. 90-93 are extremely overly broad. As written, the demands call for defendant to produce not only publicly available documents (such as affidavits filed with a court), but also materials produced by and received by defendant during discovery in any such case. Some of those documents may be protected by a court-ordered confidentiality stipulation or subject to a confidential settlement agreement. Plaintiff has cited no case law in support of such a sweeping request. Therefore, plaintiff's motion to compel as to Requests Nos. 90-93 is denied, but the Court will allow plaintiff, at its option, to serve, by September 11, 2015, an interrogatory requesting the identification of publicly filed litigations involving the products, registrations and trade dress at issue. Defendant's response to this interrogatory is due by September 30, 2015.

## IV.  ESI, Custodians and Search Terms

Finally, plaintiff requests an order compelling defendant to provide plaintiff with a list of the search terms and custodians defendant used to cull responsive documents. See Pl. Let. at 3. Defendant has now complied with that request, see Def. Opp. at 3, thereby mooting this issue.

## CONCLUSION

For the reason stated above, plaintiff's motion to compel is granted as to Document Requests No. 9, 11, 13, and 15. The motion is denied without prejudice as to Document Requests No. 24 and 51, but plaintiff, at its option, may serve revised requests by September 11, 2015, with defendant's response due thereafter by September 30, 2015. Plaintiff's motion

---

to "any and all" of defendant's products. See Def. Opp. at 3. Plaintiff's motion is denied to the extent any demands are not included in a formal discovery request.

is denied with respect to Document Requests Nos. 90-93, but plaintiff, at its option, may serve, by September 11, 2015, an interrogatory requiring defendant to list publicly filed litigations that involve the designs, registrations and trade dress at issue. Defendant's response to the interrogatory is due September 30, 2015.

**SO ORDERED.**

**Dated:    Brooklyn, New York
            September 8, 2015**

                                                        /s/ *Roanne L. Mann*
                                                       **ROANNE L. MANN
            UNITED STATES MAGISTRATE JUDGE**